Chahoud v. Holder

BIA
A094 126 091

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of August, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
> *Circuit Judges.*

_____

JEAN ELIAS CHAHOUD,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> Respondent.

09-4864-ag
NAC

_____

FOR PETITIONER:          Justin Conlon, North Haven, Conn.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Civil Division; Jennifer Paisner Williams, Senior Litigation Counsel; Colette J. Winston, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Jean Elias Chahoud, a native and citizen of Lebanon, seeks review of a November 16, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Jean Elias Chahoud*, No. A094 126 091 (B.I.A. Nov. 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chahoud's motion to reopen – filed nearly two years after the BIA issued a final order in his case – was

-2-

untimely. However, there is no time limitation if the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in concluding that Chahoud failed to establish changed circumstances in Lebanon after the 2006 Israeli-Hezbollah War.

The BIA reasonably found that Chahoud did not establish changed country conditions based on his assertion that he would be accused of spying for the West because Chahoud failed to provide sufficient evidence in support of this claim. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Although Chahoud proffered an expert's report that Lebanese authorities would target him because of his ties to the United States, the BIA reasonably afforded the report diminished weight in light of the expert's "speculative" conclusions and his failure "to tie any actions on the part of [Chahoud], or opinion held by him, to the alleged danger." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 324 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Chahoud also argues that the BIA ignored evidence

demonstrating that following the 2006 Israeli-Hezbollah War, he would be accused of spying for the West because of his Christian beliefs. However, the BIA specifically addressed this argument in denying Chahoud's first motion to reopen, and found that "there [was] no indication that this short conflict, now ended, has produced lasting change in Lebanon generally, much less for Lebanese Christians." Although Chahoud argues that more recent articles establish that the BIA's initial finding was erroneous, the BIA considered this new evidence and reasonably determined that it was merely "repetitive" of evidence Chahoud provided in support of his first motion to reopen. *See Jian Hui Shao*, 546 F.3d at 169.

Finally, we find unavailing Chahoud's argument that remand is required by our decision in *Poradisova v. Gonzales*, 420 F.3d 70 (2d Cir. 2005). Unlike in *Poradisova*, the BIA analyzed Chahoud's documentary evidence and provided ample support for its finding that Chahoud failed to meet his burden of proof. We therefore find no error in the BIA's denial of Chahoud's untimely motion to reopen. *See Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

-4-

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk